Opinion filed December 14, 2006


















 
 
  
 
 







 
 
  
 
 




Opinion filed December 14, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00341-CR 

                                                     __________

 

                                        LLOYD
BROWN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                               On
Appeal from the County Court

 

                                                          Martin County,
Texas

 

                                                     Trial
Court Cause No. 7856

 



 

                                                                   O
P I N I O N

 

Lloyd Brown, appellant, appeals his conviction by
a jury of the offense of assault by intentionally and knowingly causing bodily
injury.  The trial court assessed his
punishment at confinement in the Martin
 County jail for 120
days.  Appellant contends in three issues
that (1) the evidence is legally and factually insufficient to support his
conviction, (2) his due process rights were violated because he was convicted
solely on lack of evidence and because he was twice put in jeopardy in that the
trial court had previously granted a mistrial after evidence had been received,
and (3) the State=s
prosecutor made improper remarks in closing argument.  We affirm.








Appellant urges in issue one that the evidence is
legally and factually insufficient to support his conviction.  In a legal sufficiency review, we view all of
the evidence in the light most favorable to the verdict and then determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307 (1979).  To determine if the evidence is factually sufficient,
the appellate court reviews all of the evidence in a neutral light.  Watson v. State, 2006 WL 2956272, at
*8 (Tex. Crim. App. Oct. 18, 2006) (overruling in part Zuniga v. State,
144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1,
10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08
(Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996).  Then, the reviewing court
determines whether the evidence supporting the verdict is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson, 2006 WL 2956272, at *8;  Johnson, 23 S.W.3d at 10-11.

Teresa Brown, appellant=s
sister, testified that, while she was finishing up paperwork with the driver of
her moving truck, appellant came in, started cursing the driver, and told him
that he needed to go move his truck. 
Teresa said she responded that the paperwork was almost complete. She
related that, after the conversation continued in this way, appellant hit her
on the side of her head with his fist. 
She said that he hit her pretty hard, causing her pain, and that she was
still in pain at times.  She stated that
she gets real bad headaches.

Jerry Heflin, a deputy sheriff for Martin County,
testified that the sheriff=s
department received two calls on the same day, one from Teresa Brown and one
from appellant.  He said appellant was
complaining about a truck blocking the road, while Teresa was complaining about
appellant hitting her.  He said while he
was not sure, he thought that Teresa had a knot on her head on the left
side.  He acknowledged that he had not
witnessed the assault.  He said he took
no photographs of the knot.  He also
stated that there was no blood and no big cuts. 
He testified that the truck driver told him that he did not know whether
appellant hit Teresa or pushed her.

Appellant=s
exhibit one is a business record from the Martin County
 Hospital relating to
Teresa=s visit
to the emergency room.  It appears to
reflect that there was no bruising on Teresa=s
head and that Teresa was treated for a head injury.








    We hold
that a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt, that the evidence is not so weak that the
verdict is clearly wrong and manifestly unjust, and that the verdict is not
against the great weight and preponderance of the evidence.  Consequently, we hold that the evidence is
legally and factually sufficient to support appellant=s
conviction.  Appellant=s contention that his sister=s testimony was not credible because
Deputy Heflin saw no injury is belied by Deputy Heflin=s
testimony that he saw a knot on Teresa=s
head.  We also note that, while the
medical record is to some degree illegible, it does appear that Teresa was
treated for a head injury.  Even if
Deputy Heflin had not observed a knot, appellant has presented us with no
authority that a victim=s
injury must be physically observable, and we are not aware of any.  We overrule issue one.  

 Appellant
insists in issue two that there was a violation of his due process rights
because he was convicted without evidence and because the trial court erred by
denying his motion to dismiss since the trial court had previously granted a
mistrial after evidence had already been received, resulting in his being twice
put in jeopardy for the same alleged offense. 
We have found that the evidence is sufficient to support appellant=s conviction.  Appellant has presented no record reference
to anything supporting his double jeopardy claim, and we are not aware of
anything in the record that would support his claim.  We overrule issue two.  

Appellant suggests in issue three that the
prosecutor=s
argument that the case was proved beyond a reasonable doubt was improper.  In his closing argument, the State argued,
without objection, that the evidence Aproves
this case beyond a reasonable doubt.@  As appellant notes in his brief, an argument
with respect to reasonable deductions from evidence is proper.  The suggestion by the prosecutor that the
evidence proves the case beyond a reasonable doubt is a reasonable deduction
from the evidence.  Consequently, the
State=s
argument was proper.  We also note that
in the absence of an objection, nothing is presented for review.  Threadgill v. State, 146 S.W.3d 654,
670 (Tex.
Crim. App. 2004).  We overrule issue
three.  

The judgment is affirmed.

 

PER CURIAM

December 14, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.